UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEVAN BILLUPS,

        Plaintiff,

  - against -

C.O. "JOHN DOES" 1-10
and THE CITY OF NEW YORK,

        Defendants.
-----------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, DEVAN BILLUPS, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourteenth amendment to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for negligence.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, DEVAN BILLUPS, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendants C.O. "JOHN DOES" 1-10 were and are natural persons, employed as correction officers by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

10. On or about July 18, 2017, this date being within ninety (90) days after the claim herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

11. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

12. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

13. The individual defendants are sued in their individual capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. Plaintiff suffers from Type I diabetes.

16. To control his diabetes, plaintiff is prescribed two types of insulin.

17. At all times relevant hereto plaintiff was to take Humalog with meals and Lantus once each day.

18. On or about April 21, 2017, at approximately 1:00 A.M., plaintiff was arrested at his residence, which is located in the County of Queens, City and State of New York.

19. From his residence, plaintiff was transported by police officers to the stationhouse of the 115th Precinct.

20. From the 115th Precinct, plaintiff was transported to Elmhurst Medical Center to have an injury to his right ear seen to.

21. From Elmhurst Medical Center, plaintiff was transported by police officers to Queens Central Booking.

22. From Queens Central Booking, plaintiff was taken to Criminal Court of the City of New York, County of Queens, where he was arraigned and had bail set.

23. Following his arraignment, plaintiff was transferred to the custody of the Department of Correction of defendant CITY OF NEW YORK and placed in a holding cell to await transportation to the Vernon C. Bain Center, which is a jail owned by defendant CITY OF NEW YORK and operated by its Department of Corrections, located in the County of Bronx, City and State of New York.

24. While in the aforementioned holding cell, plaintiff began to feel sick and experience symptoms of an elevated sugar level.

25. Plaintiff asked several of the correction officers sued herein as C.O. "JOHN DOES" to be taken to a hospital.

26. The aforementioned defendants told plaintiff that he would receive no medical attention until he arrived at the Vernon C. Bain Center.

27. While he was in the aforementioned holding cell, plaintiff urinated frequently and vomited.

28. After approximately one to two hours in the holding cell, plaintiff was taken to the bus that would transport him to the Vernon C. Bain Center.

29. Before plaintiff was placed in the bus that would take him to the Vernon C. Bain Center, one of the aforementioned individual defendants handed him a black plastic bag to use for urinating and vomiting in.

30. Once the bus on which plaintiff was transported arrived at the Vernon C. Bain Center, it waited at the gate for a period of time.

31. Plaintiff asked one of the "JOHN DOE" defendants if he could now be transported to the hospital.

32. The aforementioned "JOHN DOE" defendant informed plaintiff that he would not call an ambulance for him.

33. Another "JOHN DOE" defendant offered plaintiff soda, not water, to drink.

34. Plaintiff was taken into the Vernon C. Bain Center and compelled to wait in the intake area.

35. In the intake area, plaintiff lay on the floor for one to two hours, crying, vomiting, urinating and screaming to be provided with water to drink.

36. During the entire time from his arrival at Central Booking through his ordeal in the cell at the Vernon C. Bain Center's intake area, plaintiff was not provided with any insulin by any defendant.

37. After the aforementioned period of time had elapsed, plaintiff saw a nurse walk by.

38. Plaintiff informed the aforementioned nurse that he was a diabetic and asked her for help.

39. The aforementioned nurse brought a correction officer to the intake area.

40. Plaintiff was finally taken to the infirmary.

41. At the infirmary, a finger stick was taken and, immediately thereafter, an ambulance was called.

42. Plaintiff was hooked up to an intravenous device before the ambulance arrived.

43. The ambulance transported plaintiff to Lincoln Medical Center.

44. Upon his arrival at Lincoln Medical Center, plaintiff was immediately transported to the intensive care unit.

45. Plaintiff was kept in the intensive care unit, intubated, for two days.

46. After two days, plaintiff was moved out of the intensive care unit.

47. Plaintiff remained in Lincoln Medical Center an additional three days, for a total hospitalization of five days.

48. After five days, plaintiff was transported back to the Vernon C. Bain Center.

49. After spending approximately two days back in the Vernon C. Bain Center, plaintiff was taken back to Lincoln Medical Center because his sugar level had become uncontrollable.

50. After several hours of treatment at Lincoln Medical Center, plaintiff was sent back to the Vernon C. Bain Center.

51. Plaintiff requested that he be transferred to the North Infirmary Command on Rikers Island.

52. Plaintiff's request was granted.

53. Plaintiff spent two to three weeks in custody at the North Infirmary Command, until he was released from custody.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

55. The individual defendants hereto violated plaintiff's right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, they were deliberately indifferent to plaintiff's urgent medical needs in that they knew of, but disregarded, a serious, life-threatening risk to plaintiff's health; and in that they failed to provide him with access to medical care, despite his repeated requests for such care, and despite the clear evidence that he was suffering from a serious and life-threatening physical ailment.

56. As a result of the aforementioned acts committed by the individual defendants, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States, and, as a result, had to be intubated for two days and hospitalized for a total of five days, resulting in his suffering serious and permanent physical and emotional injuries.

57. By reason of the unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(Negligence)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" hereinabove as if more fully set forth at length herein.

59. On or about April 21, 2017, at Queens Central Booking, the Queens Criminal Court pens, a Department of Correction bus, and the Vernon R. Bain Center, the individual defendants negligently, recklessly and carelessly disregarded a serious and life-threatening risk to plaintiff's health and failed to provide plaintiff with medical care, despite his repeated requests for such care and despite the clear evidence that plaintiff was suffering from a serious and life-threatening physical condition.

60. At the times and places at which the individual defendants committed the aforementioned negligent, reckless and careless acts, they were acting within the scope of their employment by defendant CITY OF NEW YORK.

61. By reason of the aforementioned negligence, recklessness and carelessness of the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, and through no culpable conduct of his own whatsoever, plaintiff had to be intubated for two days and hospitalized for a

total of five days, resulting in his suffering serious and permanent physical and emotional injuries.

62. As a result of the aforementioned negligence, recklessness and carelessness of the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, and through no culpable conduct of his own, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove, and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
## <u>AGAINST DEFENDANT CITY OF NEW YORK</u>
### (Negligent Training and Supervising of Correction Officers)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" hereinabove as if more fully set forth at length herein.

64. Defendant CITY OF NEW YORK was negligent in training and supervising defendants C.O. "JOHN DOE" 1-10, who were its employees.

65. Defendant CITY OF NEW YORK negligently trained or failed to train its correction officers, including the individual defendants hereto, with regard to recognizing a medical emergency, and in the proper procedures to follow in the event of a medical emergency, and negligently supervised or failed to supervise its correction officers, including the individual defendants, engaged in such practices.

66. Defendant CITY OF NEW YORK negligently failed to properly or effectively train and supervise its correction officers, including the individual defendants

hereto, with regard to the proper procedures to be employed under the circumstances as they appeared herein.

67. As a result of defendant CITY OF NEW YORK's negligent failure to train and supervise correction officers in its employ, including the individual defendants hereto, the individual defendants, on or about April 21, 2017, disregarded a serious, life-threatening risk to plaintiff's health, failed to identify and respond to a medical emergency, and failed to provide plaintiff with medical care and access to medical care, despite his repeated requests for such care, despite the clear evidence that plaintiff was suffering from a serious and life-threatening physical condition.

68. As a result of the foregoing, plaintiff had to be intubated for two days and hospitalized for a total of five days, resulting in his suffering serious and permanent physical and emotional injuries.

69. As a result of its aforementioned negligent training and supervising of its correction officers, including the individual defendants hereto, defendant CITY OF NEW YORK has damaged plaintiff in an amount sufficient to compensate him for his injuries as enumerated hereinabove.

WHEREFORE, plaintiff, DEVAN BILLUPS, demands judgment against defendants, C.O. "JOHN DOES" 1-10 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
July 12, 2018

*Alan D. L*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2415