UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DEVAN BILLUPS,

                                  Plaintiff,

                -against-

C.O. "JOHN DOES" 1-10
and THE CITY OF NEW YORK,

                          Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

18 CV 4023 (ARR)(RLM)

Jury Trial Demanded

Defendant City of New York ("City"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed and seek relief as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction and seek relief as stated therein.

        5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

6.      Paragraph "6" is a demand for a jury trial and therefore no response is required.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

10.      Denies the allegations set forth in paragraph "10" of the complaint, except admits that a document purporting to be Notice of Claim was received by the Office of the Comptroller of the City of New York on or about July 18, 2017.

11.      Denies the allegations set forth in paragraph "11" of the complaint, except admits that, to date, this matter has not been resolved.

12.      Denies the allegations set forth in paragraph "12" of the complaint, except admits that the instant federal action was filed on or about July 12, 2018.

13.      Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff purports to proceed as stated therein.

14.      In response to the allegations set forth in the paragraph "14" of the complaint, defendant repeats and realleges the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admits only that the Vernon C. Bain Center is a New York City Department of Correction facility.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint, except admits that plaintiff was transported to Lincoln Hospital for medical treatment.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.     In response to the allegations set forth in the paragraph "54" of the complaint, defendant repeats and realleges the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

55.     Denies the allegations set forth in paragraph "55" of the complaint.

56.     Denies the allegations set forth in paragraph "56" of the complaint.

57.     Denies the allegations set forth in paragraph "57" of the complaint.

58.     In response to the allegations set forth in the paragraph "58" of the complaint, defendant repeats and realleges the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein.

59.     Denies the allegations set forth in paragraph "59" of the complaint.

60.     Denies the allegations set forth in paragraph "60" of the complaint.

61.     Denies the allegations set forth in paragraph "61" of the complaint.

62.     Denies the allegations set forth in paragraph "62" of the complaint.

63.     In response to the allegations set forth in the paragraph "63" of the complaint, defendant repeats and realleges the responses set forth in the proceeding paragraphs of this answer, as if fully set forth herein

64.     Denies the allegations set forth in paragraph "64" of the complaint.

65.     Denies the allegations set forth in paragraph "65" of the complaint.

66.     Denies the allegations set forth in paragraph "66" of the complaint.

67.     Denies the allegations set forth in paragraph "67" of the complaint.

68.     Denies the allegations set forth in paragraph "68" of the complaint.

69.     Denies the allegations set forth in paragraph "69" of the complaint.

## FIRST AFFIRMATIVE DEFENSE:

70.     The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

71.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of defendant.

## THIRD AFFIRMATIVE DEFENSE:

72.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

## FOURTH AFFIRMATIVE DEFENSE:

73.     Punitive damages cannot be assessed against defendant City of New York.

## FIFTH AFFIRMATIVE DEFENSE:

74.     Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## SIXTH AFFIRMATIVE DEFENSE:

75.     Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## SEVENTH AFFIRMATIVE DEFENSE:

76.     Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE:

77.     Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## NINTH AFFIRMATIVE DEFENSE:

78.     Plaintiff may have failed to mitigate his alleged damages.

## TENTH AFFIRMATIVE DEFENSE:

79.     Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust his administrative remedies.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
      October 5, 2018

             ZACHARY W. CARTER
             Corporation Counsel
               of the City of New York
             *Attorney for Defendant City of New York*
             100 Church Street, Rm. 3-186
             New York, New York 10007
             (212) 356-2663
             kareilly@law.nyc.gov

             By:    /s/
               _____
               KATHLEEN D. REILLY
               Assistant Corporation Counsel
               Special Federal Litigation Division

cc:  **<u>BY ECF</u>**
   Alan D. Levine, Esq., *Attorney for Plaintiff*

Docket No. 18 CV 4023 (ARR) (RLM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| DEVAN BILLUPS,<br><br>                                         Plaintiff,<br><br>                   -against-<br><br>C.O. "JOHN DOES" 1-10<br>and THE CITY OF NEW YORK,<br><br>                              Defendants. |
| **ANSWER TO THE COMPLAINT<br>ON BEHALF OF DEFENDANT<br>CITY OF NEW YORK** |
| **ZACHARY W. CARTER**<br>Corporation Counsel of the City of New York<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>Of Counsel: Kathleen D. Reilly<br>Tel: (212) 356-2663 |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York.............................................., 2018*<br><br>............................................................................ *Esq.*<br><br>*Attorney for.......................................................................* |

- 10 -