# ALAN D. LEVINE

ATTORNEY AT LAW

80-02 KEW GARDENS ROAD

KEW GARDENS, NEW YORK 11415

---

(718) 793-6363

FAX: (718) 261-0317
EMAIL: alandlaw@justice.com

January 28, 2020

**VIA ECF**
Honorable Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Billups v. Doe, et al.</u>
      18 CV 4023 (ARR) (RML)

Dear Judge Levy:

    I am the attorney for the plaintiff in the above-referenced action. The gravamen of this action is plaintiff's allegation that he became dangerously and critically ill because defendant correction officers failed to provide him with medical assistance when he went into diabetic shock, a/k/a diabetic ketoacidosis. Discovery in the action has been unproductive because defendants have not identified any of their employees whose actions are described in the complaint. Thus, plaintiff still does not know the names of any of the correction officers whom he alleges denied him medical assistance when he requested it.

    Plaintiff alleges in his complaint, and in his deposition testimony, that, after having ignored, and having denied, his desperate pleas for medical assistance by correction officers, at the Vernon C. Bain Center, a nurse came to his aid and obtained medical care for him. Because defendants had not provided the identity of the aforementioned nurse, plaintiff requested, in his second demand for production of documents, that defendants provide him with the identities of medical personnel working in the jail where he was confined on the day of the incident. In a response to plaintiff's demand dated October 16, 2019, defendants provided plaintiff with the names and titles of all individuals employed by New York City Correctional Health Services who were working at the Vernon C. Bain Center on the date of the incident.

As the mere names and titles were not enough to enable plaintiff to identify who the person who came to his aid was, plaintiff, in his third demand for production of documents, dated November 19, 2019, requested that defendants provide photographs of the faces of the ten nurses listed by defendants as having worked on Tour I and Tour II at the Vernon C. Bain Center on April 22, 2017.

Defendants responded to plaintiff's request on January 3, 2020, with a series of objections, reproduced hereinbelow that, if not voided by this court, will effectively prevent plaintiff from ever identifying the nurse who came to his assistance on the day of the incident. Defendants' objection reads as follows:

> Defendant [sic] objects to Document Request No. 1 on the grounds that that [sic] this request is overbroad and not sufficiently limited in scope, insofar as it requests "the photographs of the ten nurses listed as having worked on tour I and tour II on April 22, 2017, at the Vernon C. Bain Center," without limiting the request [sic] information pertaining to nurses who fit the description that plaintiff provided during his deposition, namely female and African-American nurses, who plaintiff purports to have discoverable information in this matter. Defendant [sic] further objects on the grounds that it is unduly burdensome and not proportional to the needs of the case, insofar as the burden of obtaining photographs of the nurses working during the aforementioned tours at VCBC, who plaintiff does not intend to add as defendants and whose photographs are not accessible without a Court Order, outweighs any likely benefit to plaintiff.[1] Defendant [sic] further objects on the grounds that the information may not be within defendant's [sic] possession, custody, or control, to the extent it requests photographs of personnel who may not be employed by DOC and/or the City of New York. Defendant [sic] further objects to the extent this request seeks information and/or documents that are not relevant to the claims or defenses in this matter. Defendant [sic] further objects to the extent the photographs are protected by the official information privilege, and on the grounds that the request implicates the privacy and/or security interests of non-parties who are not employed by the City of New York. Defendant [sic] will not interpose a response to this request beyond these objections.

Plaintiff hereby moves this court to compel defendants to comply with his request for photographs of the ten nurses that defendants identified. Plaintiff believes that he is entitled to the documents requested, based upon the decision of the court in Medina v. Gonzalez, 2010 WL 3744344 (S.D.N.Y.). In the Medina case, the attorney for the defendants consistently disobeyed or inadequately complied with the court's repeated orders that the defendants produce photographs of the New York City Correction Department employees who were working on the day of the incident alleged in the areas of the Robert N. Davoren Center on Rikers Island where the incident occurred. In addition, the court repeatedly directed defendants to identify the officers shown in the

---

[1] To the extent plaintiff seeks the information as it relates to individuals he does not intend to sue, defendants object on relevance grounds and will not produce such information without a sufficient proffer as to relevance.

photographs by name. Id., at *16-*18. Finally, after the defendants continued to disobey the court's orders regarding provision of the requested photographs and identification of correction personnel present during the incident, the court took the unusual and extreme step of striking the defendants' answer. Id., at *24-25.

The purpose of the instant motion is to expedite the already slow progress of discovery in this action and avoid the necessity of plaintiff's bringing a motion for the drastic relief granted in Medina. From the time the court in that case first ordered defendants to provide the photographs with identification of the individuals shown in them, until its final order striking defendants' answer, two years and seven months went by. Id., at *25. There is no reason why this case should have to go through such a laborious process. The nurse whose identification is sought by plaintiff is clearly necessary to his prosecuting his case. She can be asked, at a deposition, to identify the officers she alerted to plaintiff's condition. Thus, this court is requested to deny defendants hyper-technical objections to plaintiff's request, which objections seem to be aimed at preventing permitted discovery and needlessly delaying this action further, and directing defendants to provide plaintiff with the photographs that he has requested. Should plaintiff identify one of the nurses whose photographs are shown to him, defendants' attorney should provide plaintiff with her name and should make her available for a deposition. See, Harnage v. Barrone, 2017 WL 3448543 (D. Conn.).

Very truly yours,

ALAN D. LEVINE, ESQ.

ADL/sr
cc: Kathleen Reilly, Esq.