

THE CITY OF NEW YORK

**JAMES E. JOHNSON**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KATHLEEN D. REILLY**
*Assistant Corporation Counsel*
Phone: (212) 356-2663
Fax: (212) 356-3558
Email: kareilly@law.nyc.gov

March 31, 2020

**BY ECF**
Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10007

    Re:    Devan Billups v. City of New York, et al.
               18 CV 4023 (ARR) (RML)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendant City of New York in this matter. Defendant City writes respectfully to request a stay of the present civil proceeding in its entirety for ninety (90) days in light of the recent developments surrounding the COVID-19 pandemic. Plaintiff's counsel, Alan Levine, Esq., consents to a sixty (60) day stay without prejudice to renewal.

       By way of background, plaintiff bring this action, pursuant to 42 U.S.C. § 1983, alleging that, on or about April 21, 2017, while he was in New York City Department of Correction ("DOC") custody, he was subjected to violations of his Fourteenth Amendment rights, including, *inter alia*, deliberate indifference to medical needs, negligence, and negligent training and supervision. As plaintiff set forth in his complaint, he alleges that DOC correction officers failed to provide him medical attention. To date, the parties have worked to identify these purported defendants, but have not been able to do so.

       As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. Three days later, on March 16, 2020, the United States District Court for the Eastern District of New York ("Eastern District") issued Administrative Order 2020-06, which, *inter alia*, encouraged individual judges to conduct court proceedings by phone and video

conferencing where practicable, and to "adjourn matters or deadlines, or stay litigation, where in-person meetings, interviews, depositions, or travel would be necessary to prepare for any such proceedings." On March 17, 2020, the Eastern District issued Administrative Order 2020-08, further limiting access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close and that New York residents stay inside their homes unless participating in an essential activity. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Working from home creates a number of challenges that directly impact litigation. For example, although most communication may be exchanged through the use of ECF or email, some correspondence, particularly correspondence pertaining to discovery, still requires the use of regular mail. Defendant is not physically present to receive mail sent to the office, and therefore is unable to reliably receive correspondence from plaintiff. Moreover, working from home also complicates sending correspondence to plaintiff, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus.

Working from home also creates complications in regards to coordinating and taking depositions. The logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological capabilities. Preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means.

Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, Memory Film Prods. v. Makara, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." In re Fosamax Prods. Liab. Litig., 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); see also Gagasoules v. MBF Leasing LLC, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); Petaway v. Osden, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

As another example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

- 3 -

      Finally, the agencies defendants must regularly communicate and coordinate with, e.g., DOC, are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices. Moreover, prior to the pandemic, plaintiff indicated his intent to depose several non-party witnesses in attempts to identify the yet unknown defendant officers. These non-party witnesses, though, are healthcare professionals and as such, it is impractical to anticipate their availability for depositions with the current outbreak.

      For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. This will give this Office the time and opportunity needed to adjust to these new circumstances.

      Defendant thanks the Court for its consideration of this request.

      Respectfully submitted,

      *Kathleen D. Reilly*

      Kathleen D. Reilly
      Assistant Corporation Counsel
      Special Federal Litigation Division

cc:    **BY ECF**
      Alan D. Levine, Esq., *Attorney for Plaintiff*